**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**DARREN TARRELL KING,**

    **Petitioner,**

**v.**                                               **Case No. 5:24cv022-TKW/MAF**

**STATE OF FLORIDA,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On or about January 22, 2024, Petitioner Darren Tarrell King, a state detainee at the Bay County Jail, filed a pro se "Petition/Prayer for a Writ of Habeas Corpus (2241)." ECF No. 1. After direction from this Court, *see* ECF No. 3, King filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the appropriate form, ECF No. 8. On April 29, 2024, Respondent filed an answer, with exhibits. ECF No. 12. Petitioner has filed a reply. ECF No. 13.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The

pleadings and attachments before the Court show the petition should be dismissed.  *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner Darren Tarrell King challenges his pre-trial detention in Bay County Circuit Court case number 2022-CF-2320, in which he was charged, by information filed March 23, 2023, with two counts in connection with events that occurred on or about January 1, 2011:

> (1) sexual battery on a child less than twelve (12) years of age by a person in familial or custodial authority, in violation of section 794.011(8)(b), Florida Statutes; and
>
> (2) lewd or lascivious molestation on a child less than twelve (12) years of age by a person eighteen (18) years of age or older, in violation of section 800.04(5)(a)-(b), Florida Statutes.

ECF No. 8 at 11; ECF No. 12 at 3; *see* Ex. A.[1]  The State filed an Amended Information on July 11, 2023, alleging both offenses occurred between January 1, 2010, and January 1, 2014.  ECF No. 8 at 12; ECF No. 12 at 3.  According to documents provided by Respondent, a bench warrant was issued May 31, 2022, and executed on March 3, 2023, by a Bay County

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's answer, ECF No.12.

Sheriff. Ex. A. A search of the Bay County Circuit Court case docket indicates King is currently awaiting trial, with a hearing on motions set for June 25, 2024, at 1:30 p.m. *See* https://court.baycoclerk.com.

In his § 2241 petition, King raises six grounds:

(1) **Double Jeopardy Violation**: "This case is already resolved in another state." ECF No. 8 at 3. King indicates he "resolved this case by way of plea agreement in New Jersey" and the Bay County trial court is violating his "right to be free from double jeopardy." *Id*.

(2) **Pretrial Release**: "I was released on Pretrial ROR & never let out of custody." *Id*. King asserts "[t]he State used a false warrant to keep by body." *Id*.

(3) **Alibi/Innocence**: "I shared proof of alibi proving my innocence." *Id*. at 4. King asserts he "provided proof of alibi to former public defender Jessica Donofro and she prematurely/purposely sabotaged my case by presenting it to the prosecutor" and "[s]he never filed a motion to dismiss." *Id*.

(4) **Charging Information**: "The State falsified the Informations against me." *Id*. King asserts "[t]he prosecuting attorney falsified the informations after I submitted my alibi. Tampering with my alibi evidence. How can the amended information contain a backdate before an original was ever filed?" *Id*.

(5) **Pretrial Release**: "The State is ignoring my right to pretrial release." *Id*. at 5. King asserts "[t]he Superior Court of New Jersey ordered Pretrial Release for me and the State of Florida dishonored that order and falsified documents extraditing me to Bay County Sheriff Jail Facility" and "[f]or this reason I am entitled to immediate release." *Id*.

(6) **Irreparable Injury**: "Irreparable injury has & will continue to occur" as "[t]his detention is unlawful and it prevents me from providing for my children, and their [sic] being deprived of that provision so long as the State is allowed to continue these unlawful proceedings." *Id*.

As relief, he seeks dismissal of "the lower tribunal case" and "immediate release from unlawful detention." *Id*. at 6.

In its answer, Respondent asserts Petitioner King has not exhausted his state remedies. ECF No. 12 at 9. Respondent explains that King filed this federal habeas petition before his proceedings in state court had concluded and King currently has an appeal pending in the First DCA, assigned case number 1D23-1911, from the state circuit court's order denying his petition for writ of habeas corpus. *Id*.; *see id*. at 4-6. Respondent further asserts that, even had the First DCA case concluded, Petitioner King has not raised the same arguments here that he raised in his state habeas petition. *Id*. at 10. Moreover, Respondent cites Younger v. Harris, 401 U.S. 37 (1971), asserts the abstention doctrine applies here, and requests this Court deny relief. *Id*. at 11-13.

In his reply, King asks the Court to conduct an evidentiary hearing. ECF No. 13 at 1. He asserts the state prosecutor in the Fourteenth Judicial Circuit is "using the exact same discovery that the prosecutor in Burlington County New Jersey used" and "[t]his proves Double Jeopardy." *Id*. He asserts that "[a]s of 12 years ago there is no evidence or any record of the claims that the State prosecutors are making against Petitioner." *Id*. He asserts his due process rights have been violated because he "has never

spoke with, met with, or seen any Law Enforcement Officer from Bay County Florida to answer questions or refute claims made against" him. *Id*. He asserts that "[t]his Court has prima facie evidence that the warrant was forged as stated many times before" by "a wondering officer, Detective Shannon Chain, Badge #3217 whom is from Burlington County New Jersey, now works for Panama City Police Department." *Id*. He asserts he told his alibi to then-counsel Jessica Donofro and he "could have kept the alibi" to himself and "used it at a later time" in his defense, and "[y]et the Public Defenders of this Circuit including Jessica Donofro are working with the State Prosecutors to maliciously prosecute the accused." *Id*. He explains that after "Donofro would not file the Motion to Dismiss for factual alibi Petitioner then filed the Factual Alibi Affidavit and moved to secure a Faretta to represent [himself]," but "[t]he judge engaged in oppressive acts to prevent [him] from representing [himself], stating that his prosecutors will eat [King] alive openly in court on October 4th, 2023." *Id*.

King further states that after he filed his Factual Alibi Affidavit and motion for a Faretta hearing, the State filed the amended information "to counter [his] Factual Alibi Affidavit" and, on July 17, 2023, "the judge ordered a dismissal of Petitioner's Pro Se filings." *Id*. at 2. He asserts he is being denied access to courts and his constitutional right to represent himself. *Id*.

He indicates that the First DCA has dismissed his appeal in case number 1D23-1148 and, thus, he has been through one full round of review in the state courts. *Id*.

## Analysis

Pursuant to 28 U.S.C. § 2241(a), a federal district court may grant a writ of habeas corpus. "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "State pre-trial detention . . . might violate the Constitution or the laws or treaties of the United States," but "a person held in such pre-trial detention would not be 'in custody pursuant to the judgment of a State court,'" as referenced in and required by § 2254, and thus "[s]uch a prisoner would file an application for a writ of habeas corpus governed by § 2241 only." Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003).

A state pre-trial detainee generally must exhaust all available state remedies before filing a § 2241 petition. *See* Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973) (addressing issue raised in § 2241 petition only after concluding petitioner, a pre-trial detainee, exhausted all available state court remedies for consideration of constitutional claim); United States v. Castor, 937 F.2d 293, 296-97 (7th Cir. 1991) (explaining

that "federal courts . . . may require, as a matter of comity, that such [state pretrial] detainees exhaust all avenues of state relief before seeking the writ"). Federal habeas relief may only be granted if state remedies have been exhausted. *See* Johnson v. Florida, 32 F.4th 1092, 1095-96 (11th Cir. 2022) ("It is by now well established that a district court may not grant a § 2241 petition 'unless the petitioner has exhausted all available state remedies.'"); Tooten v. Shevin, 493 F.2d 173, 175 (5th Cir. 1974) ("Although federal courts have the power to release state prisoners before trial, the exhaustion requirement must be fulfilled."). The First DCA case King references in his reply, 1D23-1148, is closed as it was dismissed on July 19, 2023, with a citation to Logan v. State, 846 So. 2d 472 (Fla. 2003). As Respondent asserts, however, as of this date, King's First DCA case number 1D23-1911 remains pending. *See* https://acis.flcourts.gov/portal. As Respondent indicates, King has raised in his initial brief in 1D23-1911 the same arguments he raises here. *See* ECF No. 12 at 5-6; *see* Ex. F. The online docket for that case indicates the State filed a "Status Report" on May 30, 2024. *See* https://acis.flcourts.gov/portal.

Moreover, because proceedings are still pending in state trial court, the federal abstention doctrine precludes interference in those proceedings. *See* Johnson, 32 F.4th at 1099-102. Indeed, as indicated above, a review

of the online docket for King's Bay County Circuit Court case reveals, as of this date, he is currently awaiting trial, with a hearing on motions set for June 25, 2024, at 1:30 p.m.  *See* https://court.baycoclerk.com.

"When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the 'Younger abstention hurdles' before the federal courts can grant such relief."  Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262 (11th Cir. 2004).  In Younger, the U.S. Supreme Court held, based on principles of comity, equity, and federalism, that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions."  New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 364 (1989) (citing Younger); *see* Hughes, 377 F.3d at 1263-64.  Federal courts consistently abstain from enjoining state criminal prosecutions unless a limited exception applies:  (1) evidence indicates the state proceedings are motivated by bad faith; (2) irreparable injury would occur; or (3) no adequate alternative state form exists in which to raise the constitutional issues.  Younger, 401 U.S. at 45-49, 53-54; Hughes, 377 F.3d at 1263 n.6.

No Younger exception appears applicable to this federal habeas petition.  King has not made a "substantial allegation" showing his state prosecution is motivated by bad faith, nor has he alleged sufficient facts to

show irreparable injury would occur.  *See* Younger, 401 U.S. at 48 (noting bad faith prosecutions are brought with no intention of securing conviction or with intention to harass), 53-54 (explaining irreparable injury exists if statute under which petitioner is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist warranting equitable relief).  Further, Florida state courts have adequate and effective procedures for reviewing his claims through appellate and post-conviction proceedings.  Accordingly, this Court should abstain from reaching his claims at this point. *See, e.g.*, Turner v. Morgan, No. 3:12cv188-MCR/CJK, ECF No. 3, 2012 WL 2003835 at *3 (N.D. Fla. Apr. 25, 2012) (Report and Recommendation to dismiss without prejudice § 2241 petition filed by state pre-trial detainee), adopted by order of district judge, ECF No. 4 (June 4, 2012).

## Conclusion

Based on the foregoing, the amended § 2241 petition for writ of habeas corpus (ECF No. 8) should be **DISMISSED without prejudice**.

## Certificate of Appealability

A certificate of appealability (COA) is required for a pre-trial detainee to appeal the dismissal of a federal habeas corpus petition.  *See, e.g.,*

Johnson, 32 F.4th at 1095 (explaining, in appeal from dismissal of § 2241 petition filed by state pre-trial detainee, appellate court granted COA); Hiteshaw v. Butterfield, 262 F. App'x 162, 163 (11th Cir. 2008) (citing 28 U.S.C. § 2253(c)(1)(A) and Medberry, 351 F.3d at 1063).  "Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'"  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Buck v. Davis, 580 U.S. 100, 115 (2017).

In this case, Petitioner King cannot make the requisite showing. Therefore, the undersigned recommends the district court deny a certificate of appealability in its final order.  If Petitioner objects to this recommendation, he may present argument on the issue of whether a certificate should issue by bringing it to the district judge's attention in his objections.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

Therefore, it is respectfully **RECOMMENDED** that the amended § 2241 petition for writ of habeas corpus (ECF No. 8) be **DISMISSED without prejudice**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 10, 2024.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**